**Gioka Kalomira TSALAFAOS**

**v.**

**Nicholas TSALAFAOS.**

**No. Civ. AWD 99–270.**

United States District Court,
D. Maryland.

Feb. 2, 1999.

Stephen John Cullen, Miles & Stockbridge, Baltimore, MD, for Gioka Kalomira Tsalafaos, petitioner.

## MEMORANDUM AND ORDER

SMALKIN, District Judge.

This is a case brought under the provisions of the International Child Abduction Remedies Act (ICARA), 42 U.S.C. § 11601, *et seq.*, implementing the Hague Convention on the Civil Aspects of International Child Abduction concluded on 25 October 1980. Briefly stated, the verified suit papers establish that the petitioner, a resident of Greece, has lawful custody of her six year old child under Greek law, and that her ex-husband (who is said to be a drug abuser and convicted drug offender) wrongfully abducted the child following a visit to Greece and brought him back to Baltimore, Maryland, where he and the child now reside. The papers also claim that the petitioner is arriving in this country on February 3, 1999.

Referred to the undersigned, as chambers judge, is the petitioner's Petition for Warrant in Lieu of Writ of Habeas Corpus. By this *ex parte* petition, a warrant is sought authorizing any police officer of the State of Maryland, on February 4, 1999, to take the child into "protective custody" and bring him before this Court. The warrant also authorizes a search of the respondent's residence to find the child.

This Court declines to grant the petition for the issuance of a warrant, for the following reasons.

Section 5(b) (Provisional Remedies) of ICARA provides, *inter alia*, that, in a proceeding under Section 4(b) for the return of a child (which this clearly is), "No court exercising jurisdiction . . . may . . . order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied."

In this case, the State law referred to in Section 5(b) is that of Maryland. *See* ICARA Section 3(8). Maryland law does *not* provide for a warrant to seize a child in a disputed custody case. In Maryland, Title 9 of the Family Law Code Annotated is the source for statutory law governing, *inter alia*, the resolution of both domestic and international child custody disputes. Family Law Code, § 9–203. Maryland law addresses the appearance of the parties, and the child, in such cases, in Family Law Code, § 9–211(a). That section only authorizes the Maryland courts to order the appearance of the child and custodian *together.* The Court does not read Section 9–211(a) as authorizing the Maryland courts to issue a warrant ordering the child to be taken into "protective custody."

The Court has also considered whether a warrant such as that sought here is otherwise authorized by federal or state law. Were it not for the express limitation on jurisdiction set forth in ICARA Section 5(b), an argument could be made that the All Writs Act, 28 U.S.C. § 1651, authorizes the warrant sought, but, in view of ICARA's plain language, this Court's ability to take the child from its present custodian is restricted to that of a state court of the forum, which the All Writs Act does not empower.

The Court has also considered other provisions of Maryland law, specifically Family Law Code § 5–709, *see Wildberger v. State,* 74 Md.App. 107, 536 A.2d 718 (1988), and Courts and Judicial Proceedings Code §§ 3–814 and 3–815, but it finds that none of these statutes applies to child custody cases in general or this one in particular. *See* 60 Op.Att'y.Gen. (Md.) 419 (1975) (Cts. & Jud. Proc.Code § 3–814 applies only in juvenile petition cases, and does not generally authorize issuance of a warrant for a child). Unlike Pennsylvania law, *see Application of McCullough,* 4 F.Supp.2d 411 (W.D.Pa.1998), but like New York law, *see Klam v. Klam,* 797 F.Supp. 202 (E.D.N.Y.1992), Maryland law simply does not provide for the issuance of a warrant in these circumstances.

Thus, pursuant to ICARA Section 5(b), this Court is prohibited from issuing the warrant sought by petitioner, as no Maryland court could issue it.

Therefore, this Court hereby *denies* the Petition for Warrant in Lieu of Writ of Habeas Corpus.